[734 NYS2d 602]

In the Matter of JEFFREY E. TOMEI, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, December 17, 2001

### APPEARANCES OF COUNSEL

*Diana Maxfield Kearse,* Brooklyn (*Mark F. DeWan* of counsel), for petitioner.

*Flamhaft, Levy, Kamins & Hirsch,* Brooklyn (*Barry Kamins* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing one charge of professional misconduct. The Special Referee sustained the charge after a hearing. The Grievance Committee moves to confirm the Special Referee's report and to impose discipline upon the respondent. The respondent has submitted an affirmation in response to the Grievance Committee's motion to confirm, asking the Court to consider enumerated mitigating factors in determining an appropriate measure of discipline.

Charge One alleges that the respondent is guilty of professional misconduct in that he has been convicted of a serious crime, in violation of Code of Professional Responsibility DR 1-102 (a) (3), (4) and (7) (22 NYCRR 1200.3 [a] [3], [4], [7]).

On or about October 26, 1999, the respondent was convicted of conspiracy to make a false statement in a loan application, in violation of 18 USC § 1014, upon his plea of guilty in the United States District Court for the Southern District of New York. The respondent was sentenced on November 16, 2000, to pay a fine of $5,000, which he has since paid.

Based on the respondent's admissions and the evidence adduced, the Special Referee properly sustained the charge. The Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent also asks the Court to consider his expressions of remorse and humiliation, his candor with the Grievance Committee, his previously unblemished record, and his cooperation with the government. The latter two factors were emphasized by the sentencing Judge in limiting the sentence imposed to a $5,000 fine as well as a $100 special assessment. The sentence did not include a term of incarceration or probation.

Notwithstanding the favorable character evidence submitted on the respondent's behalf and the leniency afforded him by the Federal court, the fact remains that the respondent has

been convicted of a serious crime. By his own admission, the respondent needed to obtain a business loan for which his professional corporation lacked adequate funds. To remedy this, the respondent knowingly allowed an individual to alter the documents necessary to qualify for that loan. As a result of these alterations, Citibank approved a loan for Jeffrey Tomei, P. C., of $200,000.

Under the particular circumstances of this case, the respondent is suspended from the practice of law for one year.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and McGINITY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Jeffrey E. Tomei, is suspended from the practice of law for a period of one year, commencing January 17, 2002, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof that (a) during that period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Jeffrey E. Tomei, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.